BARHAM, Justice
(dissenting).
With full knowledge of the insecurity of my position and some degree of perturbation, I must state at the outset that I am-not wholly in accord with the view that the penalty which may be imposed for a crime is not a matter which may be argued to a jury or even be subject to inclusion in the court’s charge to the jury. Lawyers and judges play ostrich if they believe that juries do not attempt to return verdicts which accord with their understanding of the penalty which may be imposed after a consideration of whether they wish to act with mercy or with harshness. Penalties are the subject of discussion in the jury room in almost every case. Some of the jury may actually know the penalties which go with the responsive verdicts,’others may be in total ignorance, and still others have erroneous conceptions of the penalty. ' If we but acknowledge that penalties are con-’’ sidered by the jury in rendering verdicts, then it seems we must acknowledge that it would be better that the jury be correctly informed. The question then addressed to a court of law is whether or not our Constitution or other law prohibits a jury’s being informed of the penalty or penalties which accompany the possible verdicts they consider.
Article 19, Section 9, of our Constitution says in part: “* * * The jury in all criminal cases shall be the judges of the *735 law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge.” (Emphasis here and elsewhere has been supplied.) Under this constitutional provision we have seen fit in capital cases to allow the jury to fix the penalty as well as decide guilt or innocence. They are assigned this responsibility and given the applicable penal law by the court in its charge. There is, then, no constitutional prohibition against informing a jury of the penalty or against the jury’s imposing the sentence. See McGautha v. California, 402 U.S. -, 91 S.Ct. 1454, 28 L.Ed.2d 711 (decided May 3, 1971).
A crime is defined as an offense against the State in violation of penal law. It is the penalty or penalties which make a law criminal. It cannot be said that the penalty is not an essential part of the law under which one is charged with a crime. Code of Criminal Procedure Article 774 defining the .scope of argument includes argument on. “the law applicable to the case”. In addition to the constitutional requirement that the judge charge the jury as to the law, Code of Criminal Procedure Articles 802-808 amplify the constitutional provision by specifying some particular matters which must be charged and prohibiting the judge from charging or commenting upon the facts. I find no constitutional or statutory prohibition against arguing to the jury or even charging the jury as to the penalty which makes the law criminal. If my premise is correct that juries do in fact consider penalties in arriving at verdict, it would appear to be good law that the jury be correctly informed of the penalty. I am of the opinion that our law permits the jury to be correctly informed as to the penalty part of the law applicable to the case.
However, the case at hand is to be resolved only on a question of whether argument should be permitted before a jury when the offense charged carries a minimum sentence without benefit of probation, parole, or suspension which must be imposed in the event of a verdict of guilty.
Bill of Exception No. 2 was reserved by defense counsel when the trial judge refused to allow him to argue to the jury concerning the mandatory sentence for armed robbery. The verdict of guilty to that charge automatically imposes at least five years’ imprisonment without benefit of probation, parole, or suspension of that sentence. Where the judge is automatically bound to impose a sentence certain at least in minimum and cannot suspend that sentence or place the defendant upon probation, it appears to me that the jury not only has determined the guilt of the defendant but has, at least to the degree of the minimum sentence, imposed that sentence upon the defendant. In this case the jury verdict of guilty automatically carried at least five years at hard labor. The court could only increase that sentence.
*737 It then appears to me that, as in capital cases, the defendant is entitled to argue to the jury that they are not only determining the guilt or innocence of this accused but are fixing the sentence. I acknowledge the correctness of the majority’s statement: “The prevailing rule is that when the penalty is the responsibility of the judge alone, the sentencing law is an improper subject for argument to the jury. * * * ” However, I have pointed out here that the penalty to be imposed upon the accused in this case is not the responsibility of the judge alone but is shared by the jury, and that the jury verdict in and of itself imposed a sentence of at least five years at hard labor which the trial court could not reduce or suspend. Sentence, then, in this case is a joint responsibility of judge and jury, and the jury is entitled to know the heavy burden under which it acts. The defendant’s counsel is entitled to argue the law which the jury will apply to the case.
With full knowledge that the overwhelming majority view is that the jury is not to be concerned with the sentence or sentences which can be imposed under their verdicts, I believe that view has been reached without a consideration of the actualities and realities of jury determinations. Nevertheless, even in the face of this prevailing general view, the case at hand is certainly an exception to the general rule.
I respectfully dissent.